IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CALIFORNIA IRONWORKERS
FIELD PENSION TRUST, et al.,

      Plaintiffs,                  No. MISC S-09-0072 FCD DAD

     v.

PERRY MARINGER, et al.,

      Defendants.              ORDER
_____/

        This case came before the court on February 19, 2010, for a judgment debtor examination that was continued from January 8, 2010, at the request of defendant Perry Maringer so that he could obtain representation. Kerry Kessler Fennelly, Esq. appeared for plaintiffs. Defendant Perry Maringer appeared pro se as a representative of defendant Maringer & Sons, Inc. Counsel for the corporation failed to appear.

        Due to the filing of a bankruptcy petition by counsel for the corporation on or about February 11, 2010, the judgment debtor examination was dropped from the court's calendar. Plaintiffs' counsel requested that the court award sanctions for defendant Perry Maringer's failure to inform her of the corporation's bankruptcy filing prior to the examination.

/////

1

1  "All federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders." F.J. Hanshaw Enter., Inc. v. Emerald River Dev., Inc., 244 F.3d 1128, 1136 (9th Cir. 2001) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43-44 (1991)). Pursuant to their inherent powers, the court may address "the full range of litigation abuses," including bad faith conduct and abuse of the judicial system. 244 F.3d at 1136-37 (citing 501 U.S. at 46). Sanctions may include an award of attorney's fees and costs to the aggrieved party. Id. at 1136 (citing 501 U.S. at 44-45). A sanction that compensates the aggrieved party is civil in nature. Id. at 1137-38 (citing Int'l Union, United Mine Workers of America v. Bagwell, 512 U.S. 821, 827-28 (1994)).

Defendant Perry Maringer was ordered to show cause why the court should not impose monetary sanctions on him as an individual for the conduct described in open court. Defendant failed to make an adequate showing. Plaintiffs' counsel provided information about the unnecessary expenses incurred on behalf of plaintiff due to defendant Perry Maringer's failure to notify counsel of the bankruptcy filing.

For the reasons stated on the record, IT IS ORDERED that:

1. The judgment debtor's examination of defendant Perry Maringer as representative of defendant Maringer & Sons, Inc. is dropped from the calendar;

2. Plaintiffs' request for sanctions is granted; and

3. Monetary sanctions in the sum of $1,000.00 are imposed upon Perry Maringer as an individual; the amount shall be paid in full to plaintiffs' attorneys of record within sixty days after February 19, 2010.

DATED: February 19, 2010.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1/orders.civil/califironworkers0072.oah.021910